Meredith Holley
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| LYNNMARIE CHOWDHURY,<br>　　　　Plaintiff,<br><br><br>　　　　vs.<br><br><br>HELEN FAITH, PAUL JARRELL, LANE COMMUNITY COLLEGE,<br>　　　　Defendants. | Case No.　6:20cv -1697<br><br>COMPLAINT<br>(Violation of Civil Rights, 42 U.S.C. 1983; Title VII of the Civil Rights Act of 1964; Title IX of the Education Amendments Act of 1972; ORS 659A.030; ORS 659.850; intrusion upon seclusion, public disclosure of private facts.)<br><br>*Demand for Jury Trial* |

## INTRODUCTION

1.

On May 29, 2019, Helen Faith, Dean of New Student Transitions at Lane Community College, met with LynnMarie Chowdhury, her subordinate. Dean Faith probed Ms. Chowdhury for details regarding sexual trauma Ms. Chowdhury experienced more than 30 years in the past. Dean Faith said she was required by Defendant Lane Community College's policies to disclose the facts of Ms.

COMPLAINT – Page 1

Chowdhury's sexual trauma to professional colleagues. Ms. Chowdhury begged Dean Faith not to make those disclosures, but Dean Faith disclosed anyway. On July 31, 2019, Vice President of Academic and Student Affairs Paul Jarrell issued findings ratifying Dean Faith's actions and stating that Dean Faith had acted according to Lane Community College procedures.

### JURISDICTION AND VENUE

2.

This matter arises under federal law, 42 U.S.C. § 1983, 42 U.S.C. § 2000e et seq., and 20 U.S.C. §1681 et seq. Supplemental jurisdiction over related state law claims is proper under 28 U.S.C. § 1367.

3.

The events underlying Plaintiff's claims took place in Lane County, Oregon, making venue proper in the District of Oregon, Eugene Division.

### PARTIES

4.

Plaintiff LynnMarie Chowdhury is a resident of Lane County, Oregon. She is a woman.

5.

Defendant Lane Community College ("LCC") is a public community college in Lane County, Oregon, receiving federal funding.

6.

Upon information and belief, Defendant Helen Faith is a resident of Lane County, Oregon. She is sued in her individual capacity.

7.

Upon information and belief, Defendant Paul Jarrell is a resident of Lane County, Oregon. He is sued in his individual capacity.

## FACTUAL ALLEGATIONS

8.

Plaintiff LynnMarie Chowdhury worked for Defendant Lane Community College for approximately 19 years, most recently coordinating Defendant LCC's Veteran's Center. She reported directly to Defendant Helen Faith.

9.

On May 29, 2019, Ms. Chowdhury confided in Defendant Faith that she had experienced sexual trauma approximately 30 years in the past. Defendant Faith then questioned Ms. Chowdhury for details regarding that sexual trauma.

10.

Defendant Faith said she was a mandatory reporter and was required by Defendant LCC's policy to report all sexual trauma to the Title IX office. Ms. Chowdhury begged Defendant Faith not to disclose her personal information to her professional colleagues, explaining that the assaults happened decades before and had nothing to do with Defendant LCC. Defendant Faith reported Ms. Chowdhury's personal information.

11.

On June 25, 2019, Plaintiff filed a grievance with Defendant LCC.

12.

On July 31, 2019, Defendant Jarrell released a findings statement saying, "The college's procedure, consistent with available OCR guidance, mandated that Ms.

COMPLAINT – Page 3

Faith communicate all information about the sexual assault shared by Ms. Chowdhury to the College's Title IX Coordinator."

13.

On November 19, 2019, Plaintiff filed a notice of tort claim with Defendant LCC, fulfilling her obligations under ORS 30.260 *et seq.*

14.

On March 24, 2020, LynnMarie Chowdhury filed a complaint with the Oregon Bureau of Labor & Industries based on the facts alleged above.

15.

On July 8, 2020, Ms. Chowdhury received a 90-day right-to-sue letter.

16.

Defendant's actions and inactions have caused Plaintiff Chowdhury harms in an amount to be determined by a jury at trial, including counseling therapy expenses, business expenses, lost income, attorney fees and costs; and, severe emotional distress including humiliation, pain, sleeplessness, degradation, and exacerbation of post-traumatic stress disorder, including flashbacks that cause her to relive the terror for her life she experienced during her sexual trauma.

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983:
### VIOLATION OF FOURTEENTH AMENDMENT RIGHT OF PRIVACY
### (AGAINST ALL DEFENDANTS)

17.

Plaintiff repeats and realleges paragraphs 1-16 as though fully set forth.

18.

At all material times, Defendants Faith and Jarrell were acting individually under color of state law and within the scope of their employment with Defendant LCC.

COMPLAINT – Page 4

19.

At all material times, Defendants Faith and Jarrell were acting according policy statement, ordinance, regulation, or decision officially adopted or promulgated by Defendant LCC. Defendant LCC ratified Defendant Faith's disclosures through Defendant Jarrell's July 31, 2019 findings statement.

20.

The actions of the Defendants, in inquiring into and disclosing the intimate information about Plaintiff LynnMarie Chowdhury's past sexual trauma despite her objections, was a violation of her right to personal privacy secured by the Fourteenth Amendment.

21.

Under 42 U.S.C. 1983, Plaintiff is entitled to an award of compensatory damages in an amount to be proved at trial for damages reflecting her financial harms and the mental and emotional suffering she has experienced, and is still experiencing, as a direct and natural result of Defendant's violation of her civil rights.

22.

Under 42 U.S.C. § 1988, Plaintiff is entitled to reasonable attorney fees and costs to be determined by the court.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983:
### VIOLATION OF FOURTEENTH AMENDMENT EQUAL PROTECTION CLAUSE
### (AGAINST ALL DEFENDANTS)

23.

Plaintiff repeats and re-alleges paragraphs 1-22 as though fully set forth.

COMPLAINT – Page 5

24.

At all material times Defendants Faith and Jarrell were acting under color of state law and within the scope of employment with Defendant LCC.

25.

At all material times, Defendants Faith and Jarrell were acting according policy statement, ordinance, regulation, or decision officially adopted or promulgated by Defendant LCC. Defendant LCC ratified Defendant Faith's disclosures through Defendant Jarrell's July 31, 2019 findings statement.

26.

The actions of the Defendants, in maintaining and implementing a policy of disclosing intimate sexual information about students and employees, unrelated to any campus safety concern, disparately impacts women, including LynnMarie Chowdhury, violating Plaintiff's rights to equal protection secured by the Fourteenth Amendment.

27.

Under 42 U.S.C. 1983, Plaintiff is entitled to an award of compensatory damages in an amount to be proved at trial for damages reflecting her financial harms and the mental and emotional suffering she has experienced, and is still experiencing, as a direct and natural result of Defendants' violation of her civil rights.

28.

Under 42 U.S.C. § 1988, Plaintiff is entitled to reasonable attorney fees and costs to be determined by the court.

**THIRD CLAIM FOR RELIEF**
**TITLE VII, 42 U.S.C. 2000E-2 – DISPARATE IMPACT**
**(AGAINST ALL DEFENDANTS)**

29.

Plaintiff repeats and realleges paragraphs 1-28 as though fully set forth.

30.

At all material times Defendants Faith and Jarrell were acting within the scope of employment with Defendant LCC.

31.

Defendants violated Title VII of the Civil Rights Act of 1964, 42 U. S. C. § 2000e-2(a)(2), in maintaining and implementing a policy of disclosing intimate sexual information about students and employees, unrelated to any campus safety concern, which disparately impacts women, including LynnMarie Chowdhury.

32.

Plaintiff is entitled to an award of compensatory damages in an amount to be proved at trial for damages reflecting her financial harms and the mental and emotional suffering she has experienced, and is still experiencing, as a direct and natural result of Defendants' violation of her civil rights.

33.

Under 42 U.S.C. § 2000e-5(k), Plaintiff is entitled to reasonable attorney fees and costs to be determined by the court.

**FOURTH CLAIM FOR RELIEF**
**ORS 659A.030 – DISPARATE IMPACT**
**(AGAINST ALL DEFENDANTS)**

34.

Plaintiff repeats and realleges paragraphs 1-33 as though fully set forth.

COMPLAINT – Page 7

35.

At all material times Defendants Faith and Jarrell were acting within the scope of employment with Defendant LCC.

36.

Defendants violated ORS 659A.030, in maintaining and implementing a policy of disclosing intimate sexual information about students and employees, unrelated to any campus safety concern, which disparately impacts women, including LynnMarie Chowdhury.

37.

Plaintiff is entitled to an award of compensatory damages in an amount to be proved at trial for damages reflecting her financial harms and the mental and emotional suffering she has experienced, and is still experiencing, as a direct and natural result of Defendants' violation of her civil rights.

38.

Under ORS 659A.885, Plaintiff is entitled to reasonable attorney fees and costs to be determined by the court.

**FIFTH CLAIM FOR RELIEF**
**TITLE IX, 20 U.S.C. § 1681 ET SEQ. – DISCRIMINATION IN EDUCATION**
**(AGAINST ALL DEFENDANTS)**

39.

Plaintiff repeats and realleges paragraphs 1-38 as though fully set forth.

40.

At all material times Defendants Faith and Jarrell were acting within the scope of employment with Defendant LCC.

41.

Defendants violated Title IX of the Education Amendments Act of 1972, in maintaining and implementing a policy of disclosing intimate sexual information about students and employees, unrelated to any campus safety concern, which disparately impacts women, including LynnMarie Chowdhury.

42.

Plaintiff is entitled to an award of compensatory damages in an amount to be proved at trial for damages reflecting her financial harms and the mental and emotional suffering she has experienced, and is still experiencing, as a direct and natural result of Defendants' violation of her civil rights.

43.

Under 42 U.S.C. § 1988, Plaintiff is entitled to reasonable attorney fees and costs to be determined by the court.

### SIXTH CLAIM FOR RELIEF
### ORS 659.820 – DISCRIMINATION IN EDUCATION
### (AGAINST ALL DEFENDANTS)

44.

Plaintiff repeats and realleges paragraphs 1-43 as though fully set forth.

45.

At all material times Defendants Faith and Jarrell were acting within the scope of employment with Defendant LCC.

46.

Defendants violated ORS 659A.030, in maintaining and implementing a policy of disclosing intimate sexual information about students and employees, unrelated to

any campus safety concern, which disparately impacts women, including LynnMarie Chowdhury.

47.

Plaintiff is entitled to an award of compensatory damages in an amount to be proved at trial for damages reflecting her financial harms and the mental and emotional suffering she has experienced, and is still experiencing, as a direct and natural result of Defendants' violation of her civil rights.

48.

Under ORS 659.860, Plaintiff is entitled to reasonable attorney fees and expert witness fees to be determined by the court.

### SEVENTH CLAIM FOR RELIEF
### COMMON LAW INTRUSION UPON SECLUSION
### (AGAINST DEFENDANTS FAITH AND LCC)

49.

Plaintiff repeats and realleges paragraphs 1-48 as though fully set forth.

50.

At all material times Defendant Faith was acting within the scope of her employment with Defendant LCC.

51.

By inquiring into and pressuring Plaintiff to disclose details about her past sexual trauma, Defendant Faith intruded upon Plaintiff's solitude or seclusion or private affairs or concerns. This would be highly offensive to a reasonable person.

52.

As a result of the Defendants' intrusions upon Plaintiff's seclusion, Ms. Chowdhury is entitled to an award of compensatory damages in an amount to be determined by

a jury at trial for damages reflecting the financial harms of costs of therapy, lost income, and mental and emotional suffering Ms. Chowdhury experienced, and is still experiencing, as a direct and natural result of Defendant's unlawful disclosure of her past sexual trauma.

53.

Defendants' actions unlawfully targeted and/or impacted Ms. Chowdhury as a woman, by disclosing past sexual trauma, and Plaintiff is entitled to an award of attorney fees under ORS 20.107.

### EIGHTH CLAIM FOR RELIEF
### COMMON LAW PUBLIC DISCLOSURE OF PRIVATE FACTS
### (AGAINST ALL DEFENDANTS)

54.

Plaintiff repeats and realleges paragraphs 1- 53 as though fully set forth.

55.

At all material times Defendants Faith and Jarrell were acting within the scope of employment with Defendant LCC.

56.

Defendants maintained and implemented a policy of disclosing private sexual information of students and employees, including Plaintiff, to staff of Defendant LCC, without any business reason or necessity.

57.

As a result of the Defendant's disclosure of Ms. Chowdhury's private facts, Ms. Chowdhury is entitled to an award of compensatory damages in an amount to be determined by a jury at trial for damages reflecting the financial harms of costs of therapy, lost income, and mental and emotional suffering, Ms. Chowdhury

experienced, and is still experiencing, as a direct and natural result of Defendant's unlawful public disclosure of information about Ms. Chowdhury.

58.

Defendants' actions unlawfully targeted and/or impacted Ms. Chowdhury as a woman, by disclosing past sexual trauma, and Plaintiff is entitled to an award of attorney fees under ORS 20.107.

_____

WHEREFORE, Plaintiff Lynn Marie Chowdhury prays for judgment against Defendants as follows:

    a.  Economic damages in the form of expenses and lost income in an amount to be determined at trial, and prejudgment interest thereon;

    b.  Fair and reasonable compensatory damages to be determined at the time of trial;

    c.  Reasonable attorney fees and costs incurred herein.

DATED this 29th day of October 2020.

_____
Meredith Holley, OSB #125647
Meredith@ErisResolution.com
LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615
Attorney for Plaintiff

COMPLAINT – Page 12